**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Uchechi LOUD, Defendant—Appellant.**

No. 04–30381.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

As amended March 8, 2006.

Rehearing and Rehearing En Banc
Denied March 8, 2006.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Uchechi Loud appeals the district court's judgment imposing a sentence of 12 months and one day following his guilty-plea conviction for conspiracy to possess counterfeit security, in violation of 18 U.S.C. §§ 513(a) & 371. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Loud contends that the district court violated his Sixth Amendment rights when it ordered restitution. This claim is foreclosed by *United States v. Bussell,* 414 F.3d 1048, 1060 (9th Cir.2005) (stating that district court orders of restitution are unaffected by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

Loud's remaining contentions lack merit. The district court's judge is AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony Edward GLASGOW,
Defendant—Appellant.**

No. 04–30367.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

James L. Maher, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Anthony Edward Glasgow appeals his 92–month sentence imposed following a jury-trial conviction for possession of more than 5 grams of cocaine base, in violation of 21 U.S.C. § 844. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We reject appellant's claim that the district court is limited by the maximum terms of imprisonment authorized by the unenhanced base offense levels, under ex post facto principles, as it is foreclosed by *United States v. Dupas,* 419 F.3d 916, 921 (9th Cir.2005) (holding that retroactive application of *Booker* remedial holding did not violate ex post facto clause).

However, because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materi-

ally different had the district court known that the Guidelines were advisory, we remand the sentence for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

REMANDED.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Frank Daniel HANKINS, Defendant— Appellant.**

**No. 04–30296.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).